AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Christopher Gonzalez Nunez | ) Case No. |
| | ) |
| | )        4:23-mj-71223-MAG |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

**FILED**

Aug 11 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____6/14/2023_____ in the county of _____Alameda_____ in the

_____Northern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of firearm and ammunition |
| | Maximum Penalties: 15 years' imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment, forfeiture |

This criminal complaint is based on these facts:

See attached affidavit of FBI Special Agent Gary Grzymala

☑ Continued on the attached sheet.

Approved as to form: */s/ Leif Dautch*
Assistant U.S. Attorney

Sworn to before me by telephone.

Date: _____08/11/2023_____

City and state: _____Oakland, California_____

/s/ Gary Grzymala
*Complainant's signature*

Gary Grzymala, FBI Special Agent
*Printed name and title*

*Judge's signature*

Hon. Donna M. Ryu, Chief Magistrate Judge
*Printed name and title*

### AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT

I, Gary F. Grzymala, Special Agent of the Federal Bureau of Investigation, being duly sworn, state the following:

### INTRODUCTION

1.      I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant for Christopher GONZALEZ-NUÑEZ for being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1) (hereafter, the "Target Offense"), on or about June 14, 2023, in the Northern District of California.

### SOURCES OF INFORMATION

2.      This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant.  I have not included every fact known to me concerning this investigation.  Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3.      I have based my statements in this affidavit on my training and experience; personal knowledge of the facts and circumstances obtained through my participation in this investigation; information provided by law enforcement officers, including officers from the San Francisco Police Department (SFPD); information provided by reports prepared by other law enforcement officers; and information provided by records and databases, including regarding GONZALEZ-NUÑEZ's criminal history.  Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted.  This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

### AFFIANT BACKGROUND

4.      I am a Special Agent of the FBI and have been so employed since January 2018. Prior to joining the FBI, I spent approximately seven years employed with the Federal Air Marshal Service, where I became familiar with firearms, surveillance, and methodologies used

by both criminals and terrorists to conceal their activities from law enforcement.  I am currently assigned to the San Francisco Field Division of the FBI, where I investigate cases involving violent crimes and gangs.  I have received law enforcement training throughout my employment.

5.      I have received formal training at the FBI Academy's Basic Agent Training in Quantico, Virginia.  During this five-month course, I received several hundred hours of instruction in law enforcement investigations, including training related to violent crime, criminal case management, informant development, and criminal procedure.  I have participated in numerous investigations, federal search warrants, and arrests involving alleged firearms violations, robbery, and violent crimes.  Throughout my law enforcement career, and as part of my participation in this investigation, I have spoken with, worked with, and gained knowledge from numerous experienced federal, state, and local investigators who have written affidavits for, or participated in, the application for and execution of hundreds of search and arrest warrants over the course of their careers.  I have also had discussions with other law enforcement officers and cooperating individuals about gang investigations, violent crimes, murder, arson, mail fraud, wire fraud, and drug trafficking.

6.      In preparing this affidavit and in conducting this investigation, I have specifically consulted with members of the San Francisco Police Department ("SFPD") Community Violence Reduction Team ("CVRT"), who, as relevant here, have specialized knowledge regarding criminal street gangs in the San Francisco area.

7.      I am an investigator and law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for offenses of Federal law, including offenses involving firearms, violent crimes, and racketeering.

## APPLICABLE STATUTES

8.      Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess

in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

9.      The elements of the Target Offense are as follows: (1) defendant knowingly possessed a firearm and ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time defendant possessed the firearm and ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm and ammunition, defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

### A.  FBI Search Warrant at 22835 Woodroe Avenue, Hayward, California

10.     On June 14, 2023, the FBI executed a federal search warrant, 23-MJ-70816-DMR, at 22835 Woodroe Avenue, Hayward, California, which is in the Northern District of California. The search warrant authorized a search of the entire residence, of GONZALEZ-NUÑEZ, and of any vehicles associated with GONZALEZ-NUÑEZ. The warrant authorized a search  for evidence, fruits, or instrumentalities of violations of 18 United States Code, Section 922(g) – Felon in Possession of a Firearm or Ammunition.

11.     The search yielded numerous items of evidentiary value.  When agents arrived at the residence, they observed GONZALEZ-NUÑEZ coming from the backyard.  When they went to the area of the backyard where he had been observed, agents discovered a backpack and a grocery bag discarded over the fence in the rear of GONZALEZ- NUÑEZ's residence. Subsequent DNA testing determine that GONZALEZ- NUÑEZ's DNA was on the straps of the backpack and on several items found inside the backpack.  Alameda County Sheriff's Office (ACSO) investigators asked the neighbor who lived in the house next to where the firearms were found if they had left any bags along the fenceline. The neighbor told ACSO investigators that the backpack and bag were not theirs, they did not know where they came from, and they were not there the night before.

12.     Inside the backpack, agents recovered three firearms and assorted ammunition.  In the plastic bag next to the backpack were several large-capacity "drum" magazines.  The three firearms found inside GONZALEZ- NUÑEZ's backpack were:  (1) a 9mm SCCY CPX-2 handgun bearing serial number 941939, (2) an unserialized AR-15 style pistol, and (3) an unserialized Glock-style handgun.  The other gun-related items included:  (1) three AR-style 30-round magazines, (2) six extended pistol magazines, and (3) approximately 25 rounds of loose ammunition.

 

**Contents of Backpack and Bag**          **SCCY CPX-2 Firearm from Backpack**

13.     These firearms were connected to GONZALEZ-NUÑEZ in several ways.  First, all three guns were found inside the backpack, and DNA analysis from swabs of the backpack's straps, zipper, and handle showed "very strong support" for the presence of GONZALEZ-NUÑEZ's DNA, with the chance of the profile coming from a random person being 1 in 41.2 million.  GONZALEZ-NUÑEZ's DNA was also found on the grips of both the Polymer 80 handgun (beige grip in photo above left) and the partially-assembled assault weapon (pictured upside down toward the bottom of the photo above left), both of which were found inside the backpack.  The likelihood ratio for GONZALEZ-NUÑEZ's DNA on the Polymer 80 was 1 in

881 quadrillion, and likelihood ratio for GONZALEZ-NUÑEZ's DNA on the assault weapon

was 1 in 49.8 billion.  His DNA was also found on the gun lock box in which the Polymer 80

was found.  Although DNA of at least one male was detected on the SCCY handgun, there was

not enough data to perform the STRmix DNA analysis.  DNA analysis of the ammunition was

also inconclusive.  However, given that the SCCY handgun was found inside the backpack that

bore GONZALEZ-NUÑEZ's DNA, next to two other guns and a lockbox that bore his DNA, in

the area where he had just been seen walking away from, I believe that the SCCY handgun had

been in GONZALEZ-NUÑEZ's possession.

14.      In addition to the agent's observations and DNA analysis, several other pieces of

evidence show GONZALEZ-NUÑEZ's possession of the firearms found in the backpack.  As

shown in the photo below, the unserialized Polymer 80 firearm had a Tacticon Armament

foregrip attached to it. The foregrip is similar to the foregrip that would have been sold in an

empty box found in GONZALEZ-NUÑEZ's bedroom.  Swabs from the foregrip attachment

indicated "moderate support" that the DNA on the firearm was GONZALEZ-NUÑEZ's.[1]

 

**Unserialized handgun with Tacticon foregrip    Empty Tacticon foregrip from bedroom**

---

[1] Given that the Polymer 80 handgun and partially-assembled assault weapon found in the
backpack were not serialized, GONZALEZ-NUÑEZ is not being charged in connection with
those firearms at this time.

15.     Receipts were also found in GONZALEZ-NUÑEZ's bedroom that connect him to the firearms found, particularly the serialized SCCY handgun.  A receipt from 11 Eleven Tactical, LLC, a business located in Sparks, Nevada, bore both GONZALEZ-NUÑEZ's name and signature. On June 30, 2023, 11 Eleven Tactical provided information about this receipt, including that one of the items purchased was a 50-round drum magazine for a SCCY CPX-2 pistol. The purchase was made with a credit card and the name and signature on the receipt were "Christopher Gonzalez." As stated above, a SCCY CPX-2 pistol was found in the backyard in the area where GONZALEZ-NUÑEZ was walking from when he was originally detained by the entry team. Based on my training and experience, SCCY is not a commonly found firearm manufacturer, nor is the 50-round SCCY magazine a commonly found magazine. This encounter with the SCCY pistol was the first encounter I have had with this firearm in my tenure at the FBI.

16.     Also in GONZALEZ-NUÑEZ's bedroom, agents recovered three rounds of ammunition on a dresser, next to indicia (including mail and the guns store receipt) that bore his name.  The other occupants of the house disclaimed any ownership or possession of items found in GONZALEZ-NUÑEZ's bedroom.  In a box near the bedroom door were several other firearm tools and accessories, including a wrench used for assembling or modifying rifles, a firearm sight adjustment tool, a trigger group, and the empty Tacticon Armament box referenced above. Several empty Glock gun boxes matching the one found in the backpack were also located in his bedroom.  Given that the bedroom was identified as belonging to GONZALEZ-NUÑEZ, and indicia bearing his name was found in the bedroom next to the ammunition, I believe this ammunition was in the possession of GONZALEZ-NUÑEZ. Of note, there was no indicia for any other occupants of the SUBJECT PREMISES found in this bedroom where the ammunition was located.

  

**Ammunition – Dresser**      **Firearm Tools/Parts – Floor**      **Empty Gun Boxes - Bed**

B. **Interstate Nexus of Firearm and Ammunition**

17.     On July 6, 2023, SCCY Industries, LLC provided a letter to the FBI that documented the manufacturing location for the SCCY CPX-2 firearm bearing serial number 941939. The letter indicated the firearm was manufactured in Daytona Beach, Florida. After the firearm was manufactured, it was shipped to Lipsey's, LLC, located in Baton Rouge, Louisiana. Given that the firearm was recovered in California, it necessarily moved in interstate commerce.

18.     Two rounds of the ammunition found in the bedroom were determined to be 5.7mm caliber, while one round was determined to be .45 ACP caliber. The .45 caliber ammunition bore the manufacturer name "Winchester." Based on my own research, I know that Winchester ammunition is manufactured outside of the state of California. Specifically, Winchester's website states: "Winchester's manufacturing operations include state-of-the-art manufacturing facilities in Oxford, Miss. and East Alton, Ill," and their site also mentions a facility in Missouri; no California manufacturing facilities are mentioned.  As of the writing of this affidavit, I am awaiting confirmation from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) about the two rounds of 5.7mm ammunition. However, based on my training and experience, I am not aware of any 5.7mm ammunition that is manufactured in the state of California.

### C.  **GONZALEZ-NUÑEZ's Criminal History**

19.     Prior to June 14, 2023, GONZALEZ-NUÑEZ had been convicted of a felony offense punishable by imprisonment for a term exceeding one year.  Specifically, in or about August 2019, GONZALEZ-NUÑEZ was convicted under California Penal Code 25400(a)(2) – Carrying a Concealed Firearm, a felony. GONZALEZ-NUÑEZ was subsequently sentenced to three years of probation and one day in state custody. On February 14, 2023, I received a transcript of the plea proceedings for this state case involving GONZALEZ-NUÑEZ. In the minutes, the judge advised GONZALEZ-NUÑEZ that the maximum penalty for the crime he pleaded guilty/no contest to was three years in state prison.

20.     Based on this information, I believe that GONZALEZ-NUÑEZ knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time that he possessed the firearm.

### **REQUEST TO SEAL AFFIDAVIT, CRIMINAL COMPLAINT, AND ARREST WARRANT**

21.     GONZALEZ-NUÑEZ was arrested on state firearms charges after the execution of the search warrant but was later released on bail/bond. Based on my training and experience, the disclosure of the existence of this affidavit, the complaint, the arrest warrant, and related documents may cause GONZALEZ-NUÑEZ or other co-conspirators, known and unknown at this time, to destroy evidence or to conceal ongoing criminal activity, jeopardizing the progress of the ongoing investigation.  I therefore request that the Court seal this affidavit, the complaint, the arrest warrant, and related documents.

### **CONCLUSION**

22.     Based on my training and experience, my participation in this investigation, and the information summarized above, there is probable cause to believe that on June 14, 2023, in the Northern District of California, GONZALEZ-NUÑEZ committed the crime of felon in possession of a firearm or ammunition in violation of Title 18, United States Code, Section 922(g)(1).  Specifically, GONZALEZ-NUÑEZ possessed a serialized SCCY handgun that had

moved in interstate commerce and three rounds of ammunition that had also moved in interstate commerce.  Given that the Polymer 80 handgun and partially-assembled assault weapon found in the backpack were not serialized, GONZALEZ-NUÑEZ is not being charged in connection with those firearms at this time.

/s/ Gary Grzymala

Gary Frank Grzymala
Special Agent
Federal Bureau of Investigation


Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this  11th day of August 2023. This complaint and warrant are to be filed under seal.

HONORABLE DONNA M. RYU
Chief Magistrate Judge